IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VALERO REFINING-TEXAS, L.P., and DIAMOND SHAMROCK REFINING AND MARKETING COMPANY, and DIAMOND SHAMROCK REFINING COMPANY, L.P., and SUNBELT REFINING COMPANY, L.P., | ) | |
| Plaintiffs, | ) | No. 03-1916C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**STATUS REPORT**

Pursuant to the Court's October 28, 2003 Scheduling Order, Plaintiffs, Valero Refining-Texas, L.P., Diamond Shamrock Refining and Marketing Company, Diamond Shamrock Refining Company, L.P., and Sunbelt Refining Company, L.P., referred to collectively as "Plaintiffs," on behalf of both parties, respectfully submit this Status Report proposing a schedule for further proceedings.

Plaintiffs propose the same schedule the parties have agreed to in the similarly-situated cases of *Berry Petroleum Company v. United States*, No. 02-1462C, and *La Gloria Oil and Gas Company v. United States*, No. 02-465C:

1. Discovery shall begin immediately. The requirements for disclosure in Rule 26(a), the limitations on the number of depositions in Rule 30(a)(2)(A), and the limitations on the number of interrogatories in Rule 33(a) shall not apply.

2. After one year of discovery, the parties shall exchange expert witness reports. Three months shall be allowed for expert witness depositions.

3. Within three months of completion of expert witness depositions, the parties shall submit any responsive expert witness reports. To the extent requested, depositions concerning responsive expert witness reports shall be completed within three months.

4. Following exchange of responsive expert witness reports and completion of any requested depositions, the parties shall contact the Court to schedule a status conference to discuss further proceedings.

5. With regard to Defendant's proposal below, Plaintiffs note that Defendant has opposed certification for interlocutory appeal at the trial level, and therefore, at the present time, Plaintiffs must assume that the litigation will continue in all of the cases challenging DESC's fuel prices.

Defendant states as follows:

In light of the fact that briefing has been completed in this case and in light of the fact that two judges of this Court have certified the principal liability issues presented in this case for interlocutory appeal,[1] defendant believes that no discovery should be scheduled until the later of a decision in this case favorable to plaintiffs, or a ruling from the court of appeals rejecting applications for interlocutory appeal. One of the grounds certified for interlocutory appeal is the

---

[1] Hermes v. United States, No 02-1460C (Fed. Cl. November 3, 2003), and Tesoro v. United States, No 02-704C (Fed. Cl. October 30, 2003).

applicability of waiver, which is a complete defense to all counts, and the legality of deviations, which is a complete defense to plaintiffs' illegality theory with respect to 13 of the 35 contracts at issue.

Respectfully submitted,

s/J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw, LLP
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3208 (phone)
(202) 263-5208 (fax)

Counsel for Plaintiffs

Valero Refining-Texas, L.P., Diamond Shamrock Refining and Marketing Company, Diamond Shamrock Refining Company, L.P., and Sunbelt Refining Company, L.P.

*Of Counsel:*

Monica A. Aquino
Mayer, Brown, Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006

Martin E. Loeber
Valero Energy Corporation
One Valero Place
San Antonio, TX 78212

November 7, 2003