IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VALERO REFINING-TEXAS, L.P., and DIAMOND SHAMROCK REFINING AND MARKETING COMPANY, and DIAMOND SHAMROCK REFINING COMPANY, L.P., and SUNBELT REFINING COMPANY, L.P., | ) | |
| Plaintiffs, | ) | No. 03-1916C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to RCFC 6(b), defendant respectfully requests an enlargement of time of seven days, from February 3, 2006, to and including February 10, 2006, within which to file its motion for summary judgment. This is our first enlargement for this purpose. Plaintiffs oppose this request and intend to file an opposition.

Since the Court issued it order pertaining to this deadline, defendant's counsel has been diligently working according to the schedule that was the premise for the Court's order, handling approximately 30 court filings, hearings, conferences, arguments, and discovery matters, including matters not foreseen at the time the schedule was established. Thus, for example, as expected, he filed briefs in cases similar to this one, including Hermes v. United States, No. 02-1460C, Chevron v. United States, No. 03-288C, Flint Hills v. United States, No. 02-462C, Sunoco v. United States, No. 02-466C, Calcasieu v. United States, No. 02-1219C, and Conoco v. United States, No. 02-1367C. Defendant's counsel also was required to prepare an answer, discovery responses and requests in Phylway v. United States, No. 05-215C, VT Halter v. United States, No. 05-369C; and participate in six status conferences and file status reports with this Court in various cases; and continuing to negotiate the design of a claim survey form and

electronic data sharing protocol in Christofferson v. United States, No. 01-495C, a case involving the individual claims of approximately 8000 former Federal employees, and a complicated alternative dispute procedure.

Unexpected, however, were the extent of his efforts in Rocky Mountain v. United States, No. 04-1434, a case involving a complex regulatory scheme and complicated actuarial questions, in which the parties have been involved in an intensive alternative bilateral dispute resolution procedure under this Court's close supervision. During December and January, counsel planned and participated in weekly settlement discussions and internal analyses. An agreed-upon settlement proposal was reached, during a near all-day negotiating session, on January 17, 2006. Defendant's counsel also assumed unexpected responsibilities for: delivering an oral argument, and preparing a notice of supplemental authority, in AF v. Nicholson, 05-972 (Fed. Cir.), a case to which he was assigned in order to relieve a colleague who became unavailable due to a serious illness; assuming responsibility for a protracted mid-trial settlement negotiation, in Remcon v. United States, 03-2478 (Fed. Cl.), another case in which a colleague became unexpectedly unavailable.

Nonetheless, defendant believed that it still worked closely with the affected agency to ensure that the motion would be filed on time and has received draft materials from the agency. However, since the final settlement negotiation of the Rocky Mountain case, defendant's counsel was, unexpectedly, required to devote virtually all of his time, including weekends and evenings Clark Construction v. United States, a Wunderlich Act, fact-intensive, construction claim appeal of a board's a 358-page opinion. Plaintiff's brief rests upon over100 proposed findings, each comprising multiple subfindings, which must be addressed in detail, and appeals holdings

concerning eight discrete claims, each with significant sub issues. At the end of that period, defendant's counsel became ill, with a significant fever, which slowed his efforts on that case. Based on these factors, this Court granted an unopposed enlargement of nine days to February 3 to file that brief. Coordinating our response among defendant's counsel, the agency's trial attorney (a private practitioner, who is most familiar with the record itself), and the agency is complicated by, among other things, the iterative process of identifying all necessary appendix cites, paginating them, exchanging views on the many facts and points involved, and then ensuring that the supporting documentation is given a unique page number and referred to throughout the various draft documents and their exchanges by that number (as opposed to the more readily recognizable internal pagination - for example, "Witness Transcript page 32"). The process also has been complicated by other demands on the agency's trial attorney's time, including a trip to New York this week. We expect that the brief in this case will not be filed until its due date, and that counsel will have no time to devote to this case.

Also, this week, counsel will prepare and file a motion to enlarge our reply brief in Sunoco v. United States, and negotiate with plaintiffs' attorneys concerning a claim questionnaire, which will be the subject of a status report in Christofferson v. United States, also due on February 3. We request seven days, so that defendant's counsel can complete a settlement memorandum in Rocky Mountain, prepare an ADR proposal in V.T. Halter, (both matters of which have been on hold for several weeks), and finalize our brief, obtain supervisory review, and file the brief in this case.

For these reasons, defendant respectfully requests an enlargement of time of seven days, from February 3, 2006, to and including February 10, 2006, within which to file its motion for

summary judgment.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Department of Justice
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

OF COUNSEL:

DONALD S. TRACY
Trial Attorney
Defense Supply Center Richmond
Richmond, VA 23297

HOWARD M. KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Ft. Belvoir, VA

Attorneys for Defendant

February 2, 2006

CERTIFICATE OF FILING

I hereby certify that on February 2, 2006, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham