IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VALERO REFINING-TEXAS, L.P.,<br><br>And<br><br>DIAMOND SHAMROCK REFINING AND MARKETING COMPANY,<br><br>And<br><br>DIAMOND SHAMROCK REFINING COMPANY, L.P.,<br><br>And<br><br>SUNBELT REFINING COMPANY, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-1916C<br>(Judge Firestone) |

**PLAINTIFFS' MOTION FOR**
**LEAVE TO EXCEED THE PAGE LIMITATION**

Pursuant to Rule 5.2(b)(1), Plaintiffs, Valero Refining-Texas, L.P., Diamond Shamrock Refining and Marketing Company, Diamond Shamrock Refining Company, L.P., and Sunbelt Refining Company, L.P. (collectively, "Valero"), respectfully request leave to exceed the page limitation, not to exceed 88 pages, for their Opposition to Defendant's Motion to Dismiss. Defendant opposes this motion to the extent Plaintiffs seek leave to exceed 80 pages.

This case involves allegations that, during the last twenty years, the Defense Energy Support Center ("DESC") violated the law by, *inter alia*, illegally establishing the price of military fuel. Valero's claims involve thirty-six contracts and the sale of approximately $700 million of military fuel. Valero's claims are set forth in a Second Amended Complaint of seven

counts which raises a number of significant issues relating to the substance of DESC's violation of the law, the nature of the remedy available, and the measure of recovery.

Valero seeks leave to exceed the page limitation because of the complexity and importance of the issues raised in DESC's Motion to Dismiss. DESC's motion identifies eleven issues (including the four subparts identified in question number four). Several of these issues involve allegations of multi-faceted violations of the law, others involve the court's jurisdiction or ability to grant relief, and still others involve a course of dealing between the parties spanning nearly twenty years. Thus, in addition to allegations of illegality, Valero also asserts that it is entitled to relief on the grounds of misrepresentation, breach of contract, failure of consideration and frustration of purpose, mistake, and a Fifth Amendment taking.

DESC's motion seeks to dismiss all seven counts of Valero's Second Amended Complaint. In many instances, DESC proffers a series of short volleys at a claim, each of which require a detailed factual and legal response by Valero. Valero's response is further complicated by the fact that there has been no discovery, and Valero is therefore required to argue from an incomplete record. DESC also raises a complex defense of waiver and estoppel, which similarly requires an extended factual and legal response by Valero.

Valero believes that it is in the interest of justice for the issues raised in DESC's motion to be fully briefed. This is one of approximately thirty similarly situated cases, and the history of this litigation, which has already seen a certified appeal under 28 U.S.C. § 1292(d)(2), suggests that, regardless of the outcome, appeals will follow. Valero believes that it will promote expeditious resolution of this case for all of the eleven issues DESC raises in its motion to be fully addressed at this time, particularly since resolution of this case may implicate important precedential issues in the other thirty similarly situated cases.

Finally, Valero notes that the court granted the plaintiffs in *El Paso Merchant Energy – Petroleum Company v. United States*, No. 02-1094C (Fed. Cl.), *Hermes Consolidated, Inc., doing business as Wyoming Refining Company v. United States*, No. 02-1460C (Fed. Cl.), *Sunoco, Inc. v. United States*, No. 02-466C (Fed. Cl.), *Flint Hills Resources, LP v. United States*,

No. 02-462C (Fed. Cl.), *Calcasieu Refining Co. v. United States*, No. 02-1219C (Fed. Cl.), and *ConocoPhillips, et al. v. United States*, No. 02-1367C (Fed. Cl.), leave to exceed the page limitation for their oppositions to DESC's motions in those cases. In several of these cases, the Court granted leave to exceed the page limitation not to exceed 80 pages. However, the Judges in those cases had previously addressed the issue of waiver in earlier decisions in the cases, and the plaintiffs were able to eliminate certain arguments from their oppositions. Here, however, the Court has not previously addressed the question of waiver, and the additional pages are needed for Valero to place before the Court all of the same arguments earlier considered by the courts in these other cases. The courts in *Flint Hills Resources* and *ConocoPhillips*, where the courts had not yet addressed the waiver question, granted plaintiff 85 pages.[1] Valero believes that it is in the interest of justice for all of the Judges hearing the similarly situated challenges to DESC's military fuel prices to have before them same fully developed arguments.

[1] Valero seeks an additional three pages here for two reasons. First, Valero seeks to bring to the Court's attention DESC's recent admission in another similarly situated military fuel case that its small business auction does not comply with the FAR. (*See* DESC's Motion to Dismiss at Def. App. 6-7, filed March 3, 2006, in *Gary-Williams Energy Corp. v. United States*, No. 03-2106C (Fed. Cl.)) DESC's admission is a dramatic reversal of its prior position here and in seven other similarly situated military fuel cases. Second, Valero seeks to address several additional arguments DESC did not raise in its motion here but subsequently raised for the first time in its reply briefs in other similarly situated cases and which, based on DESC's ongoing practice, Valero fully expects DESC will raise for the first time in its forthcoming reply in this case.

**CONCLUSION**

For the foregoing reasons, Valero respectfully requests that its Motion for Leave to Exceed the Page Limitation be granted.

Respectfully submitted,

s/J. Keith Burt

J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5208 (Fax)

Attorneys for Plaintiffs,
Valero Refining-Texas, L.P., Diamond Shamrock Refining and Marketing Company, Diamond Shamrock Refining Company, L.P., and Sunbelt Refining Company, L.P.

*Of Counsel:*

Monica A. Aquino
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

Martin E. Loeber
Valero Energy Corporation
One Valero Place
San Antonio, TX 78212

March 13, 2006